

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 2, 1947

Hon. B. D. Geeslin
County Attorney
McCulloch County
Brady, Texas

Opinion No. V-292

Re: The maximum fee which can
be charged by a County
Clerk to file a delayed
birth certificate.

Dear Sir:

We refer to your letter of May 27, 1947, in
which you submit the following:

"We would like to know whether or
not Article 1702a-1 is applicable to the
filing of delayed birth certificates and
if it is, whether or not it amends Arti-
cle 4477, Rule 51a, which provides the
fees that shall be charged for the fil-
ing of such an application."

The compensation of public officials is fixed
by the Constitution or Statutes. An officer may not
claim or receive any money as fees of office without a
law authorizing him to do so, and clearly fixing the a-
mount to which he is entitled. Tex. Jur., Vol. 34,p.511,
Section 107.

Regardless of whether a county library system
be set up under Articles 1697-1702 of Vernon's Civil
Statutes or under Article 1702-a-1 of said statutes, we
are of the opinion that the fees chargeable for birth
certificates are controlled as hereinafter shown.

Section 51a of Article 4477 of Vernon's Civil
Statutes reads, in part:

"a fee of One Dollar ($1.00) shall be
collected by the Probate Court, fifty
cents (50¢) of which shall be retained
by the Court, and fifty cents (50¢) of
which shall be retained by the clerk
of the County Court for recording said
birth or death certificate. . . . certi-
fied copies of said birth or death certi-

of said Statutes, and an applicant for such a certificate is chargeable with the $1.00 fee provided in said Section 51a of said Article 4477, but is not chargeable with the $1.00 filing fee provided in said Article 1702a.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. T. Williams
Assistant

APPROVED

ATTORNEY GENERAL

WTW:et:wb:jrb